**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:12-cv-322-RJC**

| | |
|---|---|
| CHARLES A. RIPPY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | <u>ORDER</u> |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| FNU TURNER, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint, filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). For the reasons that follow, Plaintiff's complaint will be dismissed.

**I.   BACKGROUND**

According to the website of the North Carolina Department of Safety ("DPS"), Plaintiff is an inmate confined in the Alexander Correctional Institution for life imprisonment following his conviction for first-degree sexual offense on September 27, 1993. In his complaint, Plaintiff alleges that he is being denied the opportunity to participate in a yoga class within the prison because Officer Turner determined he was a security risk.[1] Plaintiff explains that he "fully understood that yoga was a partial branch" of Buddhism. On the first occasion Plaintiff tried to attend the yoga class, Defendant Turner ordered him to leave the area and Plaintiff complied. On the second occasion Plaintiff tried to attend the yoga class, he did so because he believed that Defendant Turner was not working, but much to his surprise, Officer Turner was working and

---

[1] Plaintiff's complaint was initially filed in the Eastern District of North Carolina and later transferred to this district after the Court find that the allegations giving rise to the complaint take place in Alexander Correctional within this district. (Doc. No. 4: Order of Transfer).

1

Plaintiff's attempt to attend the class was apparently thwarted. Plaintiff's subsequent attempts to the class were likewise unsuccessful.

Plaintiff also alleges that he has been denied permission to attend 12-step programs because fellow inmates claimed that he was fondling himself during the meeting. Plaintiff denies this. Plaintiff further contends that he attended an Islamic service, and although Officer Turner did not deny him access, Turner did inform Plaintiff that if he acted up during the service he would be removed. (Doc. No. 1 at 9). Plaintiff contends that the denial of access to the yoga class; the 12-step program, and, presumably, the mandate to behave during the Islamic service represent violations of his First Amendment right to the free exercise of religion. In his claim for relief, Plaintiff is seeking $50,000.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). Upon review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

On initial review, the Court notes that Plaintiff has been a frequent filer in this district and in the Eastern District where the complaint was originally filed. In this district alone, Plaintiff has filed four actions, notwithstanding the present case.[2] In Case No. 5:10-cv-19-GCM, the Court dismissed Plaintiff's complaint which alleged constitutional claims against state actors after finding that Plaintiff had not, in fact, alleged a cognizable claim for relief. The complaint was therefore dismissed for failure to state a claim.

Turning to the Eastern District, the Court finds that Plaintiff has had three (3) complaints dismissed as frivolous under 28 U.S.C. § 1915. In Case No. 5:09-ct-03149-BO, the Court dismissed Plaintiff's § 1983 complaint as frivolous under Section 1915. (Doc. No. 6). In Case No. 5:10-ct-03065-D, the Court dismissed Plaintiff's Section 1983 complaint as frivolous under Section 1915A. (Doc. No. 7). And in Case No. 5:11-ct-3011-FL, the Court determined that Plaintiff's complaint could not survive frivolity review under Section 1915, and it was dismissed. All three of these cases are final as Plaintiff did not appeal and the time for doing so has long since expired.

The present action pending before this Court must be dismissed under the provisions of the Prisoner Litigation Reform Act ("PLRA") because Plaintiff has filed three complaints which have been dismissed as frivolous under the PLRA, the cases are final, Plaintiff filed to proceed *in forma pauperis* in each case, and at all times Plaintiff was a prisoner of the State of North Carolina. The PLRA provides little discretion to the district courts to entertain a complaint from a prisoner with Plaintiff's history. The PLRA provides,

---

[2] In three cases of the cases, Plaintiff's cases were dismissed on grounds other than those specified under 28 U.S.C. § 1915A(a)(1). See Case No. 1:08-cv-182-GCM (dismissal without prejudice for improper venue); Case No. 5:07-cv-125-GCM (dismissal of habeas petition under 28 U.S.C. § 2254 as being untimely); and Case No. 5:09-cv-52-GCM (dismissal as successive habeas petition or, in the alternative as a rambling and incoherent civil action).

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff's present complaint does not provide allegations of imminent danger as required by § 1915(g). Therefore, the Court is without jurisdiction to consider whatever merit the complaint may have because Plaintiff has failed to meet the threshold requirement of Section 1915(g). Accordingly, Plaintiff's complaint will be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this case.

Signed: March 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge