UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-322-RJC

| CHARLES A. RIPPY, JR., | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER |
| STATE OF NORTH CAROLINA, FNU TURNER, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se motion for reconsideration of the Order dismissing his complaint which he filed pursuant to 42 U.S.C. § 1983.

Plaintiff was sentenced to life imprisonment following his conviction for first-degree sexual offense on September 27, 1993, in Catawba County Superior Court and he is presently within the custody of the Adult Correction Division of the North Carolina Department of Public Safety. In his § 1983 complaint, Plaintiff alleged that he was unfairly being denied participation in a yoga class and a 12-step program within the Alexander Correctional Institution. Plaintiff also complained that an officer within the prison informed him that if he disrupted an Islamic service that he would be removed. After reviewing the complaint and considering Plaintiff's extensive history of filing frivolous complaints in North Carolina's federal courts, the Court concluded that his complaint must be dismissed under the provisions of the Prisoner Litigation Reform Act (PLRA) because he could not demonstrate imminent danger of physical injury and he already had three or more § 1983 complaints dismissed as being frivolous or for failure to state a claim. See 28 U.S.C. § 1915(g). Plaintiff's complaint was dismissed on March 29, 2013, and he did not appeal. Rippy, Jr. v. State of North Carolina, 1:12-cv-322-RJC (W.D.N.C. Mar. 29, 2013). The findings

and conclusions from this Order are fully incorporated herein.

In the motion for reconsideration, Plaintiff does not mention any of the allegations in his § 1983 complaint that was dismissed, rather he presents a wholly unrelated challenge to the legality of his detention contending that he should be considered for early release by the North Carolina Parole Commission. Plaintiff was sentenced before October 1, 1994, under the Fair Sentencing Act, and he appears to contend that he is entitled to the benefit of the new sentencing scheme as codified in the Structured Sentencing Act which applies to all crimes committed on or after October 1, 1994. See State v. Whitehead, 365 N.C. 444, 447, 722 S.E.2d 492, 495 (N.C. 2012) (discussing the change in sentencing law, and holding that the "General Assembly clearly and unambiguously provided that the Structured Sentencing Act may not be applied retroactively").

In any event, to the extent that Plaintiff is challenging the continuing legality of his detention, the Court finds that he must proceed by way of a petition for habeas corpus pursuant to 28 U.S.C. § 2254. Based on the foregoing, the Court will deny Plaintiff's motion for reconsideration.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for reconsideration is **DENIED**. (Doc. No. 13).

Signed: July 28, 2014

Robert J. Conrad, Jr.
United States District Judge